UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 07-11601-RWZ

WILLIAM WHITE, *et al.*

v.

R.M. PACKER COMPANY, INC., *et al.*


ORDER
June 23, 2008

ZOBEL, D.J.


Plaintiffs, who purchased gas for their cars on Martha's Vineyard, filed this complaint against a number of distributors and retailers claiming that their pricing violated several provisions of the state anti-trust laws and Mass. Gen. Laws ch. 93A. The immediate dispute concerns defendants' responses to discovery requests.

This action was filed in the Superior Court of Dukes County on August 2, 2007, and ultimately removed to this court. Plaintiffs seek discovery back to 1999 which is nearly four years beyond the statute of limitations. No reason exists for the production of documents and answers to interrogatories that encompass the period before August 2, 2003.[1]

Although defendants assert that the price fixing allegations are insufficient in

---

[1] See Klehr v. A.O. Smith Corp., 521 U.S. 179, 189 (1997) (although each "overt act" in a continuing violation restarts the statute of limitations, "the commission of a separate new overt act generally does not permit the plaintiff to recover for the injury caused by old overt acts outside the limitations period").

that they state little more than parallel behavior, they are, at least at this point, still in the complaint and plaintiffs are entitled to discovery thereon.  The motions to compel are allowed as to Interrogatories relating to this issue, including 1, 2, 3, 5, 6, 8, 9, 11, 12, 13, 21, 22 and 25.

The motions are denied with respect to Interrogatories 18 and 19 pertaining to defendants' customers and Interrogatory 15 which remains vague and imprecise and in any event appears to fall under Fed. R. Civ. P. 33(d).

In all other respects the motion to compel answers to interrogatories is allowed to the extent defendants have not in fact responded.

With respect to plaintiffs' document requests, the same principles apply as to the time period and the sufficiency of the pleadings.

Defendants also argue that, in light of the fact that their records are largely on paper and not computerized, the production is too burdensome.  The parties shall attempt to establish mechanisms or protocols that will minimize the burden of production.

Accordingly, plaintiffs' motions to compel (Docket ## 30, 31, 34, 35, 38 and 39) are ALLOWED IN PART and DENIED IN PART.

| June 23, 2008 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |

UNITED STATES DISTRICT JUDGE